78 F.3d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 J. Thomas HARES, Plaintiff-Appellant,
v.
TULSA HOUSING AUTHORITY, sued as: The Housing Authority of
The City of Tulsa Defendant-Appellee.
 No. 95-5067.
 United States Court of Appeals, Tenth Circuit.
 March 6, 1996.
 
 ORDER AND JUDGMENT[1]
 Before PORFILIO, ANDERSON, and KELLY, Circuit Judges.[2]
 
 
 1
 Plaintiff J. Thomas Hares appeals the district court's grant of summary judgment in favor of Defendant on Plaintiff's claim alleging violation of his due process liberty interest in seeking other employment following his termination by Defendant. We exercise jurisdiction pursuant to 28 U.S.C 1291 and affirm.
 
 Background
 
 2
 The Tulsa Housing Authority ("THA" or "Defendant") hired Plaintiff J. Thomas Hares as Director of Finance in 1967. By January 1971, Plaintiff had ascended through the ranks to become Executive Director of the THA. In September 1992, when conducting a review to determine THA's annual allotment of federal funding, the Department of Housing and Urban Authority ("HUD") discovered thirteen "findings," defined as statutory or regulatory violations, Aplt.App. 85-91, and classified THA as "MOD--Troubled." After a follow-up review conducted in February 1993 confirmed severe management problems, THA hired an outside consultant, which found a "direct correlation between the existing long term Executive Director's performance and the low ... scores" and strongly recommended "holding your Executive Director directly accountable." Id. at 114. Following this advice, Defendant placed Plaintiff on leave of absence in April 14, 1993 and terminated him two weeks later.
 
 
 3
 Plaintiff brought suit alleging breach of contract; violation of due process; and violation of the Age Discrimination in Employment Act, 29 U.S.C. 621-34 ("ADEA"). The district court granted Defendant's motion for summary judgment on all three claims, finding that Plaintiff's status as an at-will employee and the lack of an implied contract defeated Plaintiff's contract and property interest due process claims, Aplt.App. 263-66; that no protected liberty interest existed to support Plaintiff's due process claim, id. at 266-68; and that Plaintiff's failure to demonstrate satisfactory job performance prevented him from establishing one of the four necessary elements of a prima facie case under ADEA, id. at 268-70. Plaintiff appeals only the district court's grant of summary judgment on Plaintiff's liberty interest due process claim. See Aplt. Br. 9.
 
 Discussion
 
 4
 We review de novo the district court's grant of summary judgment, applying the same standard employed by the district court under Fed.R.Civ.P. 56(c). Headrick v. Rockwell Int'l Corp., 24 F.3d 1272, 1275 (10th Cir.1994). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reviewing a party's motion for summary judgment, the court construes all facts and reasonable inferences in the light most favorable to the nonmoving party. Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir.1994).
 
 
 5
 Plaintiff first raised his due process claim for violation of a liberty interest in his response brief to Defendant's motion for summary judgment. See Aplt.App. 147. Because it was not part of Plaintiff's original pleadings, the district court could have acted within its discretion to exclude the claim from consideration. Baker v. Penn Mutual Life. Ins. Co., 788 F.2d 650, 656 (10th Cir.1986). However, because Defendant did not move to strike but rather responded to Plaintiff's liberty interest claim, the district court chose to consider it. Aplt.App. 266-68. Accordingly, we review the district court's determinations and, for the reasons set forth below, affirm the district court's grant of summary judgment on this claim.
 
 
 6
 Essentially, Plaintiff claims that Defendant unfairly deprived Plaintiff of a legitimate liberty interest by publishing several false articles about him, which impugned his good name and reputation and hindered his ability to seek employment following his termination by Defendant. See Aplt. Br. at 13-18. In particular, Plaintiff points to articles published on April 15 and April 29, 1993 in the Tulsa World, a Tulsa daily newspaper. The April 15 article notes that Plaintiff "began a two-week leave of absence ... to consider the status of his employment and possibly to retire." Aplt.App. 231. The April 29 article states that Defendants "fired its 22-year executive director ... partly because of recent findings by [HUD] of severe management weakness' including mismanagement of federal funds.' " Id. at 232.
 
 
 7
 This court recently has addressed the issue of liberty interest claims. In Workman v. Jordan, we held that four elements are required to show the government infringed upon a liberty interest claim:
 
 
 8
 First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. And fourth, the statements must be published.
 
 
 9
 32 F.3d 475, 481 (10th Cir.1994), cert. denied, 115 S.Ct. 1357 (1995) (citations omitted). We agree with the district court that Plaintiff fails to meet at least the first two elements required under Workman. See Aplt.App. 268. Defendant makes no statement in either article that is either false or impugns the good name, reputation, honor, or integrity of Plaintiff. Instead, Plaintiff misrepresents the April 29 article, which plainly attributes the quoted phrases to the HUD report, not to Defendant. Because Plaintiff's claim fails to satisfy at least the first two elements under Workman, granting summary judgment to Defendant was appropriate and we need not address the third and fourth Workman elements, i.e., whether the statements were "published" and occurred during Defendant's termination. See 32 F.3d at 481-82.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 The parties made joint application for waiver of oral arguments, which was granted by the Clerk of the Court. Furthermore, after examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument